# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| CLAUDALE ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-00036 |
| ) | |
| JUDGE LEE RUSSELL and ) | Chief Judge Haynes |
| STATE OF TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Claudale Armstrong, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Marshall County Circuit Court Judge Lee Russell and the State of Tennessee. Plaintiff alleges that he is a pretrial detainee who is being held without bond at the Marshall County Jail in Lewisburg, Tennessee. Plaintiff assert claims for violations of his state constitutional right to post bail for which Plaintiff seeks compensatory damages and injunctive relief. (Docket Entry No. 1.)

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss any *in forma pauperis* or prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Here, Plaintiff alleges that he was arrested and put in jail for a parole violation and new

drug charges. He states that his sentence for the parole violation has expired and he is now being held in jail without bond on the pending drug charges, in violation of his rights under the Tennessee constitution.

Assuming these allegations also state a claim for violation of Plaintiff's Eighth Amendment right not to be held on excessive bail, the Defendant Russell, as a judge has absolute judicial immunity from action for monetary damages under 42 U.S.C. § 1983, for claims based upon the performance of his judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). The judge's immunity applies even if his acts were erroneous, malicious, or in excess of the judge's authority. *Id.* To be liable for damages, the judge's act has to be in absence of all jurisdiction or acts in his non-judicial capacity. *Id.* Here, Defendant Russell's act involve bond hearings and setting bond or refusing to set bond. These acts are judicial acts within the scope of his jurisdiction. A determination of bond, and any alleged claim arising from the exercise of that judicial function is barred by absolute immunity. *See Root v. Liston*, 444 F.3d 127, 132 (2nd Cir. 2006) (judges who set bail are absolutely immune when they do so). The Court discern alleged acts of Judge Russell that is clearly beyond his jurisdiction. Thus, Judge Russell is absolutely immune from Plaintiff's claims for monetary damages.

Defendant Russell is also immune from Plaintiff's claims for injunctive relief. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("[F]ederal courts have no authority . . . to direct state courts or their judicial officers in the performance of their duties."). Thus, Plaintiff's claim against the Defendant Russell must be dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii).

As to Defendant State of Tennessee, a State in not a person that can be sued in a Section 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989).

Thus, the Court concludes that Plaintiff's complaint fails to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate Order is filed herewith.

**ENTERED** this the _27th_ day of March, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court